IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| LATIA THOMPSON-MCKOY, | |
| *Plaintiff*, | |
| v. | Civil No.: 1:25-cv-00611-JRR |
| UDR, INC., *et al*., | |
| *Defendants*. | |

MEMORANDUM OPINION AND ORDER

Pending before the court is *pro se* Plaintiff Latia Thompson-McKoy's Motion for Temporary Restraining Order (ECF No. 12, the "Motion"). No hearing is necessary. Local Rule 105.6 (D. Md. 2023).

I.    BACKGROUND

Plaintiff initiated the instant action on February 24, 2025. (ECF No. 1.) On March 17, Plaintiff filed an Amended Complaint. (ECF No. 7.) By order of March 25, this court granted Plaintiff's Motion to Proceed in Forma Pauperis and instructed Plaintiff to complete the required United States Marshal Service ("USMS") forms to effectuate service. (ECF No. 10.) On April 16, Plaintiff filed the Motion, a Second Amended Complaint, and the USMS forms. (ECF Nos. 12, 13, 18.) Defendants have yet to be served.

As far as the court can deduce, Plaintiff's allegations arise from Defendant UDR, Inc.'s ("UDR") efforts to seek overdue rental payments from Plaintiff for the rental property located at 2 Lambourne Road, Apt. G7, Towson, MD 21204 (the "Property"). (ECF No. 13 at p. 2.) UDR is the property manager for the Property. (ECF No. 12 at p. 2.) In the Second Amended Complaint, Plaintiff alleges that Defendants violated numerous statutes including: the Fair Credit Reporting

Act; the Truth in Lending Act; Maryland Real Property Code §§ 8-212.4, 8-401; Maryland Commercial Law § 3-311; Maryland Consumer Protection Act; Maryland Personal Information Protection Act; Fair Debt Collection Practices Act; and Maryland Business Regulation § 7-301. (ECF No. 13 at pp. 12–16.)  Plaintiff additionally alleges counts of Breach of Contract; Unjust Enrichment; and Intentional Infliction of Emotional Distress.  *Id*.

In the Motion, Plaintiff seeks a Temporary Restraining Order ("TRO") "enjoining Defendants, their affiliates, attorneys, or agents, from initiating or pursing any eviction, ejectment, or collection action concerning Plaintiff's residence while this case is pending;" a Preliminary Injunction "prohibiting Defendants UDR, Inc., Consolidated-Hampton LLC, and their agents from taking any further steps to evict, threaten, or otherwise interfere with Plaintiff's lawful tenancy at 20 Lambourne Road, Apt G7 Towson, Maryland, during the pendency of this federal action;" and to "enjoin Defendants from posting further notices or engaging in harassment or retaliation."  (ECF No. 12 at p. 9.)

## II.    LEGAL STANDARD

"The standard for a temporary restraining order is the same as a preliminary injunction." *Maages Auditorium v. Prince George's Cnty.*, 4 F. Supp. 3d 752, 760 n.1 (D. Md. 2014), *aff'd*, 681 F. App'x 256 (4th Cir. 2017).  The party seeking the temporary restraining order must establish (1) a likelihood of success on the merits; (2) that she will suffer irreparable harm if preliminary relief is not granted; (3) that the balance of equities favors entry of the injunction; and (4) that an injunction is in the public interest. *See Frazier v. Prince George's Cnty.*, 86 F.4th 537, 543 (4th Cir. 2023) (citing *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)).  As a TRO is "an extraordinary remedy," it "may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter*, 555 U.S. at 22.

In addition, the Federal Rules of Civil Procedure provide that a court may not issue a preliminary injunction without notice to the adverse party. FED.R.CIV.P. 65(a)(1). The court may issue a temporary restraining order without notice to the adverse party only if "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition" and the *pro se* movant "certifies in writing any efforts made to give notice and the reasons why it should not be required." *Id*. 65(b)(1); *see Sci. Sys. & Applications, Inc. v. United States*, PWG-14-2212, 2014 WL 3672908, at *3 (D. Md. July 22, 2014) (explaining "[n]otice is not required for a TRO, but … the movant himself, in the case of a *pro se* party, must 'certif[y] in writing any efforts made to give notice and the reasons why it should not be required.'"). "Where there is a failure to comply with the requirements of the rule, the motion for a TRO must be denied." *Lee v. Meyers*, ELH-21-1589, 2021 WL 4804018, at *3 (D. Md. Oct. 14, 2021).

## III.    ANALYSIS

Defendants have not been served in this action. Additionally, Plaintiff has not provided a written certification detailing efforts to serve Defendants or reasons why service should not be required here. Plaintiff has accordingly not complied with the Federal Rules governing preliminary injunctions and temporary restraining orders. *See* FED.R.CIV.P. 65; *Lee*, 2021 WL 4804018, at *3.

Even if Plaintiff complied with the mandates of Rule 65 regarding service, the Motion otherwise fails to accord with the Rule. Plaintiff has not alleged specific facts indicating that she will be imminently evicted or otherwise suffer immediate and irreparable injury. In the Motion, Plaintiff references two Maryland State Court proceedings concerning the Property, but nowhere alleges that she faces imminent eviction in either proceeding.

The first proceeding is a Failure to Pay Rent action filed by UDR on February 2, 2025. (ECF No. 12 at p. 3.)  Plaintiff unsuccessfully attempted to remove the action to this court.  *UDR, Inc. et al., v. Thompson-Mckoy*, Case No. 25-CV-00812-JRR ECF No. 1.  As this court instructed Plaintiff, it lacked jurisdiction over the Failure to Pay Rent proceeding and accordingly remanded the case to State court.  *Id.* at ECF No. 7.  In the Motion, Plaintiff alleges that the State court has closed this proceeding.  (ECF No. 12 at p. 3.)[1]

Second, Plaintiff makes reference to a State court eviction action that was "initiated under the name of Consolidated-Hampton LLC."  (ECF No. 12 at p. 3.)  Consolidated-Hampton LLC is not a defendant in this case.  Plaintiff alleges she was served with an "'Intent to Eject' notice on April 9, 2025 by UDR, Inc. [sic] undisclosed Business manager, despite the prior stay issued by the state court and the pendency of Plaintiff's federal case."  *Id.*  Plaintiff attaches the Notice of Intent to File a Complaint for Summary Ejectment (ECF No. 12-8) but alleges no facts regarding the status of that action.  The Notice explicitly states "this is not a notice of eviction."  (ECF No. 12-8).

Plaintiff has not alleged specific facts to clearly show that she faces immediate and irreparable injury, loss, or damage.  Plaintiff has thus not met her burden under Rule 65 and binding case law and, accordingly, neither a preliminary injunction nor a temporary restraining order is appropriate at this juncture.

The court notes, additionally, that even if Plaintiff had complied with Rule 65, this court lacks jurisdiction to order the relief she appears to seek.  To the extent Plaintiff seeks to enjoin the state court proceedings related to the Property, under the Anti-Injunction Act, 22 U.S.C. § 2283, this court lacks jurisdiction to grant "an injunction to stay the proceedings in a State court

---

[1] The court notes, however, that the District Court of Maryland for Baltimore County's order at Exhibit 5 (ECF No. 12-7) does not close, but merely stays, the proceeding.

except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283.  Additionally, pursuant to *Younger v. Harris*, 401 U.S. 37 (1971), this court also declines to interfere in state court proceedings where (1) there is an on-going state court proceeding; (2) the proceeding implicates important state interests; and (3) the plaintiff has an adequate opportunity to present the federal claims in the state proceeding.  *See James v. Franklin Park at Greenbelt Station*, DKC-24-2058, 2024 WL 4011888, at *1 (D. Md. July 29, 2024) (declining to grant TRO staying eviction proceedings in the District Court of Maryland for Prince George's County pursuant to *Younger* abstention doctrine).

To the extent Plaintiff seeks to enjoin Defendant UDR and third-party Consolidated-Hampton LLC directly, Plaintiff has not explained how the mere filing or initiation of an eviction, ejectment, or collection action would cause immediate and irreparable injury.  Additionally, Plaintiff has alleged no facts related to notices constituting harassment or retaliation.  Accordingly, the court concludes that Plaintiff has not met her burden under Rule 65.

It is this 18th day of April 2025,

**ORDERED** that the Motion (ECF No. 12) shall be, and is hereby, **DENIED**.


_____/S/_____
Julie R. Rubin
United States District Judge