IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| LATIA THOMPSON-MCKOY, *Plaintiff*, v. UDR, INC., *et al.*, *Defendants*. | Civil No.: 1:25-cv-00611-JRR |

## MEMORANDUM OPINION AND ORDER

Pending before the court is *pro se* Plaintiff Latia Thompson-McKoy's Motion for Reconsideration and Renewed Motion for Temporary Restraining Order (ECF No. 21, the "Motion"). No hearing is necessary. Local Rule 105.6 (D. Md. 2023).

**I.   BACKGROUND**

The court incorporates the background set forth in its memorandum and order at ECF No. 20.

**II.   LEGAL STANDARD**

**A. Temporary Restraining Order**

"The standard for a temporary restraining order is the same as a preliminary injunction." *Maages Auditorium v. Prince George's Cnty.*, 4 F. Supp. 3d 752, 760 n.1 (D. Md. 2014), *aff'd*, 681 F. App'x 256 (4th Cir. 2017). The party seeking the temporary restraining order must establish (1) a likelihood of success on the merits; (2) that she will suffer irreparable harm if preliminary relief is not granted; (3) that the balance of equities favors entry of the injunction; and (4) that an injunction is in the public interest. *See Frazier v. Prince George's Cnty.*, 86 F.4th 537, 543 (4th Cir. 2023) (citing *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)). As a TRO is "an

extraordinary remedy," it "may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter*, 555 U.S. at 22.

The court may issue a temporary restraining order without notice to the adverse party only if "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition" and the *pro se* movant "certifies in writing any efforts made to give notice and the reasons why it should not be required." *Id*. 65(b)(1); *see Sci. Sys. & Applications, Inc. v. United States*, PWG-14-2212, 2014 WL 3672908, at *3 (D. Md. July 22, 2014) (explaining "[n]otice is not required for a TRO, but … the movant himself, in the case of a *pro se* party, must 'certif[y] in writing any efforts made to give notice and the reasons why it should not be required.'"). "Where there is a failure to comply with the requirements of the rule, the motion for a TRO must be denied." *Lee v. Meyers*, ELH-21-1589, 2021 WL 4804018, at *3 (D. Md. Oct. 14, 2021).

B. **Motion for Reconsideration**

Plaintiff seeks reconsideration under Rule 60(b). The rule, however, does not apply to interlocutory orders. *Am. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 514 (4th Cir. 2003). Motions for reconsideration of the court's denial of a motion for temporary restraining order are properly brought under Rule 54(b). *Brown v. Frazier*, No. CV JKB-21-1000, 2021 WL 2338827, at *1 (D. Md. June 8, 2021). Under Rule 54(b), orders "that adjudicate[] fewer than all the claims or the rights and liabilities of fewer than all the parties … may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." FED. R. CIV. P. 54(b). Motions for reconsideration of an interlocutory order are "not subject to the strict standards applicable to motions for reconsideration of a final judgment" under Rules 59(e) and 60(b). *Am. Canoe Ass'n*, 326 F.3d at 514. However, this court looks to the standards for granting

relief from final orders under Rules 59(e) and 60(b) for guidance in considering Rule 54(b) motions. *Carrero v. Farrelly*, 310 F. Supp. 3d 581, 584 (D. Md. 2018) (citing *Butler v. DirectSAT USA, LLC*, 307 F.R.D. 445, 449 (D. Md. 2015)). "Although there may be many valid reasons to reconsider an order, 'a motion to reconsider is not a license to reargue the merits or present new evidence' that was previously available to the movant." *Carrero*, 310 F. Supp. 3d at 584 (quoting *Royal Ins. Co. of Am. V. Miles & Stockbridge, P.C.*, 142 F. Supp. 2d 676, 677 n.1 (D. Md. 2001)).

### III.  ANALYSIS

In her renewed Motion for Temporary Restraining Order, Plaintiff states that she "seeks to enjoin private, retaliatory conduct threatening to initiate new legal proceedings." (ECF No. 21 at p. 3.) The "threa[t] to initiate new legal proceedings" Plaintiff describes does not amount to imminent and irreparable harm. Plaintiff thus again fails to allege specific facts indicating that she will be imminently evicted or otherwise suffer immediate and irreparable injury as required by Rule 65. Plaintiff insists the Failure to Pay Rent action brought by UDR "was stayed and closed." (ECF No. 21 at p. 2.) Accordingly, Plaintiff does not allege any imminent eviction or harm stemming from UDR's attempts to collect her overdue rent.[1]

Instead, Plaintiff alleges she faces imminent and irreparable harm from the April 9, 2025 Notice of Intent to Eject "issued by Brenna Costner on behalf of Consolidated-Hampton LLC." *Id.* The court presumes that "Consolidated-Hampton," is the same entity as "Consolidated-Hamilton," referenced in Plaintiff's earlier filings. Neither Consolidated-Hampton nor Consolidated-Hamilton is a defendant in this action. In the Second Amended Complaint, Plaintiff specifies "Consolidated-Hamilton, LLC is the titled owner of the property located at 20

---

[1] The court has considered Plaintiff's Supplemental Affidavit at ECF No. 25. Neither the Affidavit nor the April 17, 2025 correspondence from UDR to Plaintiff described therein alters this court's conclusion that Plaintiff has not alleged imminent and irreparable harm.

Lambourne Road … However, Plaintiff does not name Consolidated-Hamilton, LLC as a defendant in this mater, as all wrongful actions described herein were taken by UDR, Inc. and its agents, who acted without formal disclosure, licensing, or authorization from the property owner." (ECF No. 13 at p. 2.)  Plaintiff has already amended the Complaint twice.  (ECF Nos. 7, 13.)  The Federal Rules of Civil Procedure allow amendment as a matter of course only once, after which a party seeking to amend must receive consent from the opposing party or leave of court.  FED. R. CIV. P. 15(a)(1).  Accordingly, Plaintiff may not now amend the complaint for a third time to add a defendant without leave or consent.  FED. R. CIV. P. 15(a)(2).

In the Second Amended Complaint, "Defendant Brenna Costner is named in her official capacity as a business manager employed by UDR, Inc."  (ECF No. 13 at p. 2.)  Accordingly, to the extent Plaintiff now seeks to enjoin Brenna Costner in her capacity as an individual or as an employee of Consolidated-Hamilton, Ms. Costner is not a defendant to this action.

Under the Federal Rules, a temporary restraining order may bind "only the following who receive actual notice of it by personal service or otherwise: (A) the parties; (B) the parties' officers, agents, servants, employees, and attorneys; and (C) other persons who are in active concert or participation with [the parties or parties' officers]."  FED R. CIV. P. 65(d)(2).  Plaintiff, however, has not alleged that Consolidated-Hamilton or Brenna Costner, in her capacity as an employee of same, are officers of, or in concert with, UDR or other named Defendants.  Accordingly, even if Plaintiff had alleged imminent injury stemming from Consolidated-Hampton's Notice of Intent to Eject, the court is still unpersuaded it could order the relief Plaintiff seeks.

In the Motion, Plaintiff merely asks the court to reconsider its order at ECF No. 20. Plaintiff does not aver any new facts that were not previously available or presented in the first

Motion for Temporary Restraining Order (ECF No. 12). Accordingly, the court declines to reconsider its earlier order.

It is this 22nd day of April 2025,

**ORDERED** that the Motion (ECF No. 21) shall be, and is hereby, **DENIED**.

                                                    /S/
                                            Julie R. Rubin
                                            United States District Judge