IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| LATIA THOMPSON-MCKOY, | |
| *Plaintiff*, | |
| v. | Civil No.: 1:25-cv-00611-JRR |
| UDR, INC., *et al.*, | |
| *Defendants*. | |

### MEMORANDUM OPINION AND ORDER

Pending before the court are *pro se* Plaintiff Latia Thompson-McKoy's Motion for Reconsideration of Temporary Restraining Order Denial (ECF No. 28) and Motion to Stay Enforcement of Order Pending Appeal (ECF No. 56). The court has reviewed all papers; no hearing is necessary. Local Rule 105.6 (D. Md. 2025).

I. **Background**

Plaintiff initiated the instant action on February 24, 2025 (ECF No. 1). On April 16, she filed a Second Amended Complaint (ECF No. 13) along with a Motion for Temporary Restraining Order (ECF No. 12). In the operative Second Amended Complaint, Plaintiff brings 17 claims for relief against Defendants UDR, Inc. ("UDR"), Defendant Brenna Costner, UDR's business manager, and Defendant Joseph Fisher, UDR's President and Chief Financial Officer. As far as the court can discern, Plaintiff's claims arise from UDR and its Defendant employees' efforts to collect Plaintiff's rent for the property at 20 Lambourne Road, Towson, Maryland (the "Property"). (ECF No. 13 at p. 3.) Plaintiff avers, in sum, that UDR "acted without authority, standing, or legal capacity to enforce lease obligations or initiate summary ejectment actions" because Plaintiff's lease for the Property lists Consolidated-Hamilton, LLC, as the landlord of same. Plaintiff

additionally avers that on December 2, 2024, by mailing a notarized "notice of claim to interest" to Defendants, and Defendants' failure to acknowledge or respond to same, she accomplished Accord and Satisfaction by Instrument under the Uniform Commercial Code Section 3-311 and accordingly resolved her outstanding debt to Defendants. Finally, Plaintiff alleges that Defendants' conduct in their attempts to collect her rent and generally as her property manager violates various federal and state statutes.

On April 16, 2025, Plaintiff filed an Emergency Motion for Temporary Restraining Order and Preliminary Injunction (ECF No. 12), which this court denied (ECF No. 20). Plaintiff then filed a Motion for Reconsideration and Renewed Motion for Temporary Restraining Order (ECF No. 21) which this court denied (ECF No. 26). Plaintiff then filed the instant Motion for Reconsideration (ECF No. 28). While the Motion for Reconsideration was pending, Plaintiff filed, among other miscellaneous motions, an "Emergency Notice of Supplemental Development and Renewed Request for Temporary Restraining Order" (ECF No. 33) which the court denied (ECF No. 37). Additionally, on May 23, Plaintiff filed a Motion for Certification of Interlocutory Appeal seeking to appeal the court's denial of her Motion for Temporary Restraining Order at ECF No. 21 (ECF No. 54). Following the Motion for Certification of Interlocutory Appeal, Plaintiff filed the Motion to Stay Enforcement of Order Pending Appeal (ECF No. 56).

## II.     Motion for Reconsideration

Plaintiff seeks reconsideration under Federal Rule of Civil Procedure 54(b). Under Rule 54(b), orders "that adjudicate[] fewer than all the claims or the rights and liabilities of fewer than all the parties … may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." FED. R. CIV. P. 54(b). Motions for reconsideration of an interlocutory order are "not subject to the strict standards applicable to motions for

reconsideration of a final judgment" under Rules 59(e) and 60(b). *Am. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 514 (4th Cir. 2003). However, this court looks to the standards for granting relief from final orders under Rules 59(e) and 60(b) for guidance in considering Rule 54(b) motions. *Carrero v. Farrelly*, 310 F. Supp. 3d 581, 584 (D. Md. 2018) (citing *Butler v. DirectSAT USA, LLC*, 307 F.R.D. 445, 449 (D. Md. 2015)). "Although there may be many valid reasons to reconsider an order, 'a motion to reconsider is not a license to reargue the merits or present new evidence' that was previously available to the movant." *Carrero*, 310 F. Supp. 3d at 584 (quoting *Royal Ins. Co. of Am. V. Miles & Stockbridge, P.C.*, 142 F. Supp. 2d 676, 677 n.1 (D. Md. 2001)).

Plaintiff repeatedly turns to this court with what she contends is new evidence of her landlord and property managers' attempts to collect her overdue rent. Plaintiff insists each new instance of these efforts amounts to a showing of imminent irreparable harm and asks this court, now for the fourth time, to enter a temporary restraining order enjoining Defendants from "initiating or filing any legal actions to remove Plaintiff from her residence," "Posting additional notices to vacate or eject," or "Engaging in debt collection or property management actions without a valid license or court order." (ECF No. 28 at p. 4.)

As this court has repeatedly explained, Defendants described attempts to collect a debt do not amount to imminent, irreparable harm. "To establish irreparable harm, the plaintiffs must show that they are suffering actual and imminent harm, not just a mere possibility, and that harm is truly irreparable and cannot be remedied at a later time with money damages." *Lee v. Meyers*, No. CV ELH-21-1589, 2021 WL 4804018, at *3 (D. Md. Oct. 14, 2021). "Irreparable harm 'is suffered when monetary damages are difficult to ascertain or are inadequate.'" *Id.* (quoting *Multi–Channel TV Cable Co. v. Charlottesville Quality Cable Operating Co.*, 22 F.3d 546, 551 (4th Cir.

1994)). Plaintiff does not contend that she will not be made whole by monetary damages should she prevail on the merits; nor does she explain why she might otherwise be entitled to equitable relief in the presence of (potential) monetary relief on the merits of her claims.

Even if the court assumes that eviction from the Property amounts to irreparable harm, Plaintiff has not sufficiently connected Defendants' collection attempts to a court-ordered imminent eviction. *See, e.g.* MD. CODE ANN. REAL PROP. § 8-216(b)(2) (describing that, in Maryland, evictions may only take place following a court order or the tenant's abandonment of the unit). And, as set forth in the first TRO denial (ECF No. 20), under the Anti-Injunction Act (28 U.S.C. § 2283) this court lacks jurisdiction to enjoin State court eviction proceedings. *See Cade v. O'Sullivan*, No. GJH-19-3260, 2019 WL 6034990, at *2 (D. Md. Nov. 14, 2019) (noting that the Anti-Injunction Act bars this court from enjoining state court proceedings and that a plaintiff's request to enjoin property management companies from proceeding with foreclosure action is not an avenue to evade the Act's mandates).

A temporary restraining order is an "extraordinary remedy," that "may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). As previously explained, Plaintiff has not clearly shown all of the following factors: (1) a likelihood of success on the merits; (2) that she will suffer irreparable harm if preliminary relief is not granted; (3) that the balance of equities favors entry of the injunction; and (4) that an injunction is in the public interest. *See Frazier v. Prince George's Cnty.*, 86 F.4th 537, 543 (4th Cir. 2023) (citing *Winter*, 555 U.S. at 20). Nothing in the motion for reconsideration compels this court to alter its earlier denials of Plaintiff's numerous motions for temporary restraining order.

### III.    Motion to Stay Pending Appeal

In her Motion to Stay Pending Appeal, Plaintiff asks the court to "stay enforcement" of its order of May 2, 2025, denying her Motion for Temporary Restraining Order and to "Temporarily enjoin Defendants from issuing, posting, or pursuing any notice or action to evict Plaintiff from her residence[.]"  (ECF No. 56 at p. 2.)  In essence, Plaintiff asks the court to "stay" its order denying her motion for TRO and order the same relief requested in her motion for TRO.  For the reasons set forth above, the court declines to do so.

### IV.    Conclusion

For the reasons set forth above, it is this 7th day of July 2025,

**ORDERED** that the Motion for Reconsideration (ECF No. 28) shall be, and is hereby, **DENIED**; and further it is

**ORDERED** that the Motion to Stay Enforcement of Order Pending Appeal (ECF No. 56) shall be, and is hereby, **DENIED.**

```
        /S/
```
Julie R. Rubin
United States District Judge