IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **LATIA THOMPSON-MCKOY,** | |
| *Plaintiff*, | |
| v. | Civil No.: 1:25-cv-00611-JRR |
| **UDR, INC.,** *et al*., | |
| *Defendants*. | |

## MEMORANDUM OPINION AND ORDER

Pending before the court are *pro se* Plaintiff Latia Thompson-McKoy's "Motion for Clarification and Reconsideration of Paperless Order (ECF No. 47)" at ECF No. 50 (the "Motion") and "Motion to Strike Improper Character Attacks and Factual Misrepresentations in Defendants' Opposition (ECF No. 59) and Formal Opposition to Said Filing" at ECF No. 61. The court has reviewed all papers; no hearing is necessary. Local Rule 105.6 (D. Md. 2025).

Plaintiff initiated the instant action on February 24, 2025 (ECF No. 1). On April 16, she filed a Second Amended Complaint (ECF No. 13) along with a Motion for Temporary Restraining Order (ECF No. 12). In the operative Second Amended Complaint, Plaintiff brings 17 claims for relief against Defendants UDR, Inc. ("UDR"), Defendant Brenna Costner, UDR's business manager, and Defendant Joseph Fisher, UDR's President and Chief Financial Officer. As far as the court can discern, Plaintiff's claims arise from UDR and its Defendant employees' efforts to collect Plaintiff's rent for the property at 20 Lambourne Road, Towson, Maryland (the "Property"). (ECF No. 13 at p. 3.) Plaintiff avers, in sum, that UDR "acted without authority, standing, or legal capacity to enforce lease obligations or initiate summary ejectment actions" because Plaintiff's lease for the Property lists Consolidated-Hamilton, LLC, as the landlord of same. Plaintiff

additionally avers that on December 2, 2024, by mailing a notarized "notice of claim to interest" to Defendants, and Defendants' failure to acknowledge or respond to same, she accomplished Accord and Satisfaction by Instrument under the Uniform Commercial Code Section 3-311, and accordingly resolved her outstanding debt to Defendants.  Finally, Plaintiff alleges that Defendants' conduct in their attempts to collect her rent and generally as her property manager violates various federal and state statutes.

On May 19, 2025, Defendants Brenna Costner and Joseph D. Fisher moved for an extension of two weeks to respond to the Amended Complaint. (ECF No. 39.) A court may extend the time for a party to respond for good cause. FED. R. CIV. P. 6(b)(1).  And in this district, timely motions to extend, where good cause exists, "should be liberally granted at the court's discretion." *Louise Trauma Ctr., LLC v. United States Citizenship & Immigr. Servs.*, No. CV RDB-23-2846, 2024 WL 3555043, at *3 (D. Md. July 26, 2024).  Defendants' motion was filed before their deadline to respond to the Complaint, was their first extension request, and stated that Defendants only recently became aware of the instant lawsuit and needed further time to investigate and respond to Plaintiff's claims.  Accordingly, the court exercised its discretion to grant the requested extension for good cause shown.  (ECF No. 47.)  Further, the extension of time rendered Plaintiff's request for Clerk's Entry of Default premature; accordingly, the court simultaneously denied same.

Finally, the court also denied Plaintiff's request to file a surreply in support of her opposition to Defendants' motion to extend the deadline.  "Surreplies are highly disfavored in this District." *Roach v. Navient Sols., Inc.*, 165 F. Supp. 3d 343, 351 (D. Md. 2015).  Although surreplies are generally not permitted, the decision to permit a party to file a surreply is within the court's discretion. *EEOC v. Freeman*, 961 F. Supp. 2d 783, 801 (D. Md. 2013), *aff'd in part sub nom.*, 778 F.3d 463 (4th Cir. 2015).  *See* Local Rule 105.2(a) (D. Md. 2023) ("Unless otherwise

2

ordered by the Court, surreply memoranda are not permitted to be filed."). This discretion is typically used in the interest of fairness to permit parties to respond to new matters raised for the first time in the opposing parties' reply briefs." *Boland v. Amazon.com Sales*, *Inc.*, 628 F. Supp. 3d 595, 599 (D. Md. 2022) (citing *Khoury v. Meserve*, 268 F. Supp. 2d 600, 605 (D. Md. 2003), *aff'd*, 85 F. App'x 960 (4th Cir. 2004)). *See Freeman*, 961 F. Supp. 2d at 801 (Noting "[s]urreplies may be permitted when the moving party would be unable to contest matters presented to the court for the first time in the opposing party's reply." (citing *Khoury*, 268 F. Supp. 2d at 605)). "A party moving for leave to file a surreply must show a need for a surreply." *MTB Servs., Inc. v. Tuckman–Barbee Constr. Co.*, Civ. No. RDB-12-2109, 2013 WL 1224484, at *6 (D. Md. Mar. 26, 2013) (citing Local Rule 105.2(a)). This court denied Plaintiff's request to file a surreply in keeping with the above-cited authority; to the extent Plaintiff seeks to contest Defendants' arguments about service, she may do so in response to the pending Motion to Dismiss (ECF No. 57).

Plaintiff also seeks reconsideration under Federal Rule of Civil Procedure 54(b) of the court's grant of Defendants' motion for extension, denial of her request for entry of default, and denial of her request to file a surreply. Under Rule 54(b), orders "that adjudicate[] fewer than all the claims or the rights and liabilities of fewer than all the parties … may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." FED. R. CIV. P. 54(b). Motions for reconsideration of an interlocutory order are "not subject to the strict standards applicable to motions for reconsideration of a final judgment" under Rules 59(e) and 60(b). *Am. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 514 (4th Cir. 2003). However, this court looks to the standards for granting relief from final orders under Rules 59(e) and 60(b) for guidance in considering Rule 54(b) motions. *Carrero v. Farrelly*, 310 F. Supp. 3d 581, 584 (D. Md. 2018) (citing *Butler v. DirectSAT USA, LLC*, 307 F.R.D. 445, 449 (D. Md. 2015)).

"Although there may be many valid reasons to reconsider an order, 'a motion to reconsider is not a license to reargue the merits or present new evidence' that was previously available to the movant." *Carrero*, 310 F. Supp. 3d at 584 (quoting *Royal Ins. Co. of Am. V. Miles & Stockbridge, P.C.*, 142 F. Supp. 2d 676, 677 n.1 (D. Md. 2001)).  Plaintiff's instant motion for reconsideration amounts to a disagreement with the court's orders and presents no persuasive reason for this court to reconsider its discretionary rulings.

Finally, on June 5, Plaintiff filed the "Motion to Strike Improper Character Attacks and Factual Misrepresentations in Defendants' Opposition (ECF No. 59) and Formal Opposition to Said Filing."  (ECF No. 61.)  Therein, Plaintiff seeks to strike the following excerpt from Defendants' opposition to the Motion: "… a fact which Plaintiff was presumably aware of at the time she opposed Defendants' extension request and moved for entry of default." (ECF No. 59 at p. 2.)  Plaintiff avers that this assertion is unsupported and prejudicial.  Plaintiff has not met her burden to show that the excerpt is "immaterial, impertinent, or scandalous" so as to warrant striking from the record.  FED. R. CIV. P. 12(f); *see, e.g. Baltimore v. Baltimore City L. Dep't*, No. CV ELH-22-1901, 2022 WL 17812642, at *2 (D. Md. Dec. 16, 2022) (explaining "Rule 12(f) motions are generally viewed with disfavor because striking a portion of a pleading is a drastic remedy" and that such motions "ordinarily will be denied unless the matter under challenge has no possible relation to the controversy and may prejudice the other party." (citations omitted)).  To the extent Plaintiff seeks to challenge the substance of Defendants' arguments regarding service, a motion to strike is an inappropriate vehicle for same; Plaintiff may do so in her response in opposition to Defendants' Motion to Dismiss.

Accordingly, it is this 7th day of July 2025,

**ORDERED** that the Motion for Reconsideration (ECF No. 50) shall be, and is hereby, **DENIED**; and further it is

**ORDERED** that the Motion to Strike Improper Character Attacks and Factual Misrepresentations in Defendants' Opposition (ECF No. 59) and Formal Opposition to Said Filing" (ECF No. 61) shall be, and are hereby, **DENIED**.

                                                                                     ___/S/_____
                                                                                     Julie R. Rubin
                                                                                     United States District Judge