### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **LATIA THOMPSON-MCKOY,** | |
| *Plaintiff,* | |
| **v.** | **Civil No.: 1:25-cv-00611-JRR** |
| **UDR, INC.,** *et al.*, | |
| *Defendants.* | |

### <u>MEMORANDUM OPINION</u>

This matter is now pending before the court on the following papers: Plaintiff's Motion for Leave to File Third Amended Complaint (ECF No. 27; the "Motion for Leave to Amend"), Plaintiff's Motion for Leave to Re-Serve Defendants Joseph Fisher and Brenna Costner (ECF No. 51; the "Motion to Re-Serve"), Defendants Joseph Fisher and Brenna Costner's Motion to Dismiss Plaintiff's Second Amended Complaint under Rules 12(b)(2), 12(b)(5), and 12(b)(6) (ECF No. 57; the "Motion to Dismiss"), Plaintiff's Motion to Strike Improper and Prejudicial Characterizations and Portions of Exhibit 3 to Defendants' Motion to Dismiss (ECF No. 63; the "First Motion to Strike"), Plaintiff's Motion under Rule 56(d) to Defer Summary Judgment and Preliminary Opposition to Defendants' Motion to Dismiss or for Summary Judgment (ECF No. 72; the "Rule 56(d) Motion"), and Plaintiff's Motion to Strike Defendants' Unauthorized Surreply (ECF No. 95, the "Second Motion to Strike"). The court has reviewed all papers; no hearing is necessary. Local Rule 105.6 (D. Md. 2025).

## I.    BACKGROUND[1]

### A.  Factual Background

*Pro se* Plaintiff Latia Thompson-McKoy, a resident of Towson, Maryland, initiated the instant action on February 24, 2025.  (ECF No. 1.)  On April 16, 2025, Plaintiff filed a Second Amended Complaint, which is the operative pleading.  (ECF No. 13.)  In her Second Amended Complaint, Plaintiff brings 17 claims for relief against Defendants UDR, Inc. ("UDR"), a publicly traded real estate investment trust (REIT) and national property management company doing business in Maryland, Defendant Brenna Costner, UDR's business manager, and Defendant Joseph Fisher, UDR's President and Chief Financial Officer.  *Id.* at p. 2.  Plaintiff does not identify the state in which Defendant UDR is incorporated or maintains its principal place of business, nor does she identify the state in which the individual Defendants are domiciled.  As best the court can discern, Plaintiff's claims arise from UDR and its Defendant employees' efforts to collect Plaintiff's rent for the property at 20 Lambourne Road, Towson, Maryland (the "Property"). (ECF No. 13 at p. 3.)

Plaintiff avers, in sum, that UDR "acted without authority, standing, or legal capacity to enforce lease obligations or initiate summary ejectment actions" because Plaintiff's lease for the Property lists Consolidated-Hamilton, LLC, as the landlord.  (ECF No. 13 at pp. 3–4.)  Plaintiff additionally alleges that on December 2, 2024, by mailing a notarized "notice of claim to interest" to Defendants, and Defendants' failure to acknowledge or respond to same, she accomplished Accord and Satisfaction by Instrument under the Uniform Commercial Code Section 3-311 and thus resolved her outstanding debt to Defendants.  *Id.* at p. 8.  Finally, Plaintiff alleges that Defendants' conduct in their attempts to collect her rent and generally as her property manager

---

[1] For purposes of resolving the Motions, the court accepts as true all well-pled facts set forth in the Second Amended Complaint.  (ECF No. 13.)  *Wikimedia Found. v. Nat'l Sec. Agency*, 857 F.3d 193, 208 (4th Cir. 2017).

violates various federal and state statutes.  Plaintiff seeks, *inter alia*, declaratory and injunctive relief, statutory damages under Maryland and federal law, "actual damages," punitive damages, compensatory damages, attorney's fees and costs, and "full restitution of any unlawful rent, fees, or deposits collected after Plaintiff's accord and satisfaction tender[.]" (ECF No. 13 at pp. 16–18.)

### B.  Procedural History[2]

On April 16, 2025, Plaintiff filed an Emergency Motion for Temporary Restraining Order and Preliminary Injunction (ECF No. 12), which this court denied (ECF No. 20).  On April 22, 2025, Plaintiff filed the Motion for Leave to Amend.  (ECF No. 27.)  On the same day, Plaintiff filed a Motion for Reconsideration and Renewed Motion for Temporary Restraining Order (ECF No. 21), which this court denied (ECF No. 26).  Subsequently, Plaintiff filed an "Emergency Notice of Supplemental Development and Renewed Request for Temporary Restraining Order" (ECF No. 33), which the court denied (ECF No. 37).  On May 23, 2025, Plaintiff filed a Motion for Certification of Interlocutory Appeal of the court's denial of her Motion for Temporary Restraining Order at ECF No. 37 (ECF No. 54).  The Fourth Circuit appeal was assigned case number 25-1599.  (ECF No. 64.)

On June 3, 2025, Defendants Fisher and Costner filed the instant Motion to Dismiss.  (ECF No. 57).  Then, on June 5, 2025, Plaintiff filed the First Motion to Strike portions of the Motion to Dismiss and an attached exhibit.  (ECF No. 63.)  On July 1, 2025, Plaintiff filed a Rule 56(d) paper titled "Plaintiff's Motion Under Rule 56(d) to Defer Summary Judgment and Preliminary Opposition to Defendants' Motion to Dismiss or for Summary Judgment."  (ECF No. 72.)  Defendants Fisher and Costner responded to the Rule 56(d) Motion on July 14, 2025.  (ECF No. 77.)  Subsequently, Plaintiff filed several supplemental oppositions to the Motion to Dismiss.

---

[2] This case has involved significant motions practice.  The court therefore limits its review of the procedural history to the facts pertinent to the pending motions.

(ECF Nos. 89, 91, 93.)  Defendants filed a global response to the multiple supplements on September 18, 2025 (ECF No. 94), in response to which Plaintiff filed her Second Motion to Strike, requesting the court to strike Defendants' response at ECF No. 94 as an unauthorized surreply. (ECF No. 95.)

On October 1, 2025, the court entered an order administratively staying this action pending resolution of the appeal in the Fourth Circuit.  (ECF No. 100.)  On October 6, 2025, the Fourth Circuit dismissed Plaintiff's interlocutory appeal for lack of jurisdiction (ECF No. 101); the mandate followed on October 28, 2025 (ECF No. 102); and this court lifted the administrative stay that same day.  (ECF No. 103.)  Accordingly, the court now addresses all remaining pending motions in this action.

## II.    LEGAL STANDARDS

### A.  Federal Rule of Civil Procedure 15(a)

Under Federal Rule of Civil Procedure 15(a), "[a] party may amend its pleading once as a matter of course" within 21 days of serving it, or "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier."  FED. R. CIV. P. 15(a)(1).  Otherwise, however, "a party may amend its pleading only with the opposing party's written consent or the court's leave."  FED. R. CIV. P. 15(a)(2).  Rule 15(a) counsels that "[t]he court should freely give leave when justice so requires."  *Id.*  "The Supreme Court has emphasized that 'this mandate is to be heeded.'"  *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).  "The Fourth Circuit's policy is 'to liberally allow amendment.'"  *Lavin v. Safeco Ins. Co. of Am.*, No. SAG 22-1788, 2022 WL 17342051, at *1 (D. Md. Nov. 30, 2022) (quoting *Galustian v. Peter*, 591 F.3d 724, 729 (4th Cir. 2010)).  Therefore,

"leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *Johnson*, 785 F.2d at 509; *see Oliver v. Dep't of Pub. Safety & Corr. Servs.*, 350 F. Supp. 3d 340, 345 (D. Md. 2018) (noting that "[g]ranting leave to amend [] is the default under Rule 15"). The court will deny leave to amend if the proposed amendments are futile, prejudicial, or made in bad faith. *Equal Rights Ctr. v. Niles Bolton Assocs.*, 602 F.3d 597, 603 (4th Cir. 2010).

## B. Federal Rule of Civil Procedure 12(b)(2)[3]

Defendant seeks dismissal of Plaintiff's Amended Complaint for lack of personal jurisdiction pursuant to Rule 12(b)(2). "[A] Rule 12(b)(2) challenge raises an issue for the court to resolve, generally as a preliminary matter." *Grayson v. Anderson*, 816 F.3d 262, 267 (4th Cir. 2016) (citing *Combs v. Bakker*, 886 F.2d 673, 676 (4th Cir. 1989)). "Under Rule 12(b)(2), a defendant must affirmatively raise a personal jurisdiction challenge, but the plaintiff bears the burden of demonstrating personal jurisdiction at every stage following such a challenge." *Id.* "[A] court has broad discretion to determine the procedure that it will follow in resolving a Rule 12(b)(2) motion." *Id.* at 268. "[N]either discovery nor an evidentiary hearing is required in order for the court to resolve a motion under Rule 12(b)(2)." *Jones v. Mutal of Omaha Ins. Co.*, 639 F. Supp. 3d 537, 544 (D. Md. 2022). "When 'the existence of jurisdiction turns on disputed factual questions the court may resolve the [jurisdictional] challenge on the basis of a separate evidentiary hearing, or may defer ruling pending receipt at trial of evidence relevant to the jurisdictional question.'" *Id.* (quoting *Combs*, 886 F.2d at 676).

---

[3] In addition to Rule 12(b)(2), Defendants' Motion invokes review under Rules 12(b)(5) and 12(b)(6); however, because the court grants the Motion under Rule 12(b)(2) grounds only, the court does not set forth the standard applicable when reviewing a motion to dismiss under Rules 12(b)(5) and 12(b)(6).

"When personal jurisdiction is addressed under Rule 12(b)(2) without an evidentiary hearing, the party asserting jurisdiction has the burden of establishing a *prima facie* case of jurisdiction." *Hawkins v. i-TV Digitalis Tavkozlesi zrt.*, 935 F.3d 211, 226 (4th Cir. 2019). "This '*prima facie* case' analysis resembles the plausibility inquiry governing motions to dismiss for failure to state a claim under Rule 12(b)(6)." *Id.* Thus, the court takes "the allegations and available evidence relating to personal jurisdiction in the light most favorable to the plaintiff." *Grayson*, 816 F.3d at 268. Still, a plaintiff must ultimately "prove the existence of a ground for jurisdiction by a preponderance of the evidence." *Combs*, 886 F.2d at 676. Notably, unlike the rubric of Rule 12(b)(6), in resolving a 12(b)(2) motion, "a court may look beyond the complaint to affidavits and exhibits in order to assure itself of personal jurisdiction." *UMG Recordings, Inc. v. Kurbanov*, 963 F.3d 344, 350 (4th Cir. 2020) (citing *Grayson v. Anderson*, 816 F.3d 262, 267 (4th Cir. 2016)). Accordingly, the court may consider exhibits 1 and 2, the declarations of Defendants Fisher and Costner, offered in support of their Rule 12(b)(2) argument. (Ex. 1, ECF No. 57-3; Ex. 2, ECF No. 57-4.)

### C. Federal Rule of Civil Procedure 12(f)

Federal Rule of Civil Procedure 12(f) authorizes the court to order stricken from any pleading "any redundant, immaterial, impertinent, or scandalous matter." FED. R. CIV. P. 12(f). "Rule 12(f) motions are disfavored and 'generally will be not granted [for immateriality] unless the challenged allegations have no possible or logical connection to the subject matter of the controversy and may cause some form of significant prejudice to a party.'" *Fitchett v. Spartech, LLC*, 634 F. Supp. 3d 241, 243 (D. Md. 2022) (quoting *Gilman & Bedigian, LLC v. Sackett*, 337 F.R.D. 113, 117 (D. Md. 2020)). "Nevertheless, motions to strike will be granted when the movant meets its burden of proving that the challenged material is immaterial and prejudicial." *Id.* (citing

*Chapman v. Duke Energy Carolinas, LLC*, Civ. No. 3:09-37RJC, 2009 WL 1652463, at *3 (W.D. N.C. June 11, 2009)).

### III. **ANALYSIS**

As an initial matter, the court is ever mindful that pro se filings "must be construed liberally, . . . so as to do substantial justice," and are held to less stringent standards than filings drafted by lawyers. *Elijah v. Dunbar*, 66 F.4th 454, 460 (4th Cir. 2023) (quoting *Erickson v. Paradus*, 551 U.S. 89, 94 (2007); FED. R. CIV. P. 8(f); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). "In practice, this liberal construction allows courts to recognize claims despite various formal deficiencies, such as incorrect labels or lack of cited legal authority." *Wall v. Rasnick*, 42 F.4th 214, 218 (4th Cir. 2022). Such liberal construction, however, does not absolve Plaintiff from pleading a plausible claim, and this court "may not act as an advocate for a self-represented litigant" by "conjur[ing] up" issues not presented. *Desgraviers v. PF-Frederick, LLC*, 501 F. Supp. 3d 348, 351 (D. Md. 2020) (quoting *Bey v. Shapiro Brown & Alt, LLP*, 997 F. Supp. 2d 310, 314 (D. Md. 2014), *aff'd*, 584 F. App'x 135 (4th Cir. 2014); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985)).

### A. **Plaintiff's Motion for Leave to Amend**

Plaintiff seeks leave to file a Third Amended Complaint to add a new defendant, Consolidated-Hampton LLC. (ECF No. 27 at p. 1.) Plaintiff submits:

> The proposed Third Amended Complaint incorporates all claims, facts, and exhibits from the Second Amended Complaint without substantive change, except to: [(1)] [a]dd Consolidated-Hampton LLC as a Defendant based on newly discovered conduct implicating its role in attempted legal enforcement against Plaintiff during the pendency of this federal action; [and (2)] [o]mit a sentence previously located in the "Parties" section of the Second Amended Complaint disclaiming Consolidated-Hampton LLC as a named party.

7

*Id.* Importantly, Plaintiff does not attach a complete, original Third Amended Complaint to her Motion for Leave to Amend, as required by the rules of this court. Local Rule 103.6 (D. Md. 2025).[4] The attached titled Third Amended Complaint merely includes an introduction which provides: "Plaintiff incorporates by reference the factual allegations, claims for relief, and supporting exhibits from her Second Amended Complaint filed on April 16, 2025, as though fully set forth herein." (ECF No. 27-1 at ¶ 1.) Plaintiff avers that the amendment "does not alter the existing causes of action or relief sought" and "is filed to ensure all responsible parties are properly named." *Id.* ¶ 2.

Adding to the confusion, the Second Amended Complaint expressly states that "Plaintiff does not name Consolidated-Hamilton, LLC as a [D]efendant in this matter, as all wrongful actions described herein were taken by UDR, Inc. and its agents, who acted without formal disclosure, licensing, or authorization from the property owner." (ECF No. 13 ¶ 5.) Therefore, Plaintiff's incorporation by reference of the Second Amended Complaint in her proposed Third Amended Complaint—the asserted purpose of which is to add Consolidated-Hamilton as a Defendant— fairly demonstrates the importance of the Local Rules' requirement and highlights the problematic confusion created by a failure to do so. *See Young v. City of Mt. Ranier*, 238 F.3d 567, 572 (4th Cir. 2001) (explaining that the court must have a separate, newly proposed pleading because "an amended pleading ordinarily supersedes the original and renders it of no legal effect") (quoting *Crysen/Montenay Energy Co. v. Shell Oil Co.,* 226 F.3d 160, 162 (2d Cir.2000)).

---

[4] Local Rule 103.6 provides in relevant part: "Whenever a party files a motion requesting leave to file an amended pleading, the original of the proposed amended pleading shall accompany the motion." Local Rule 103.6(a) (D. Md. 2025). Additionally, "if the amended pleading adds a new party, [the movant] shall serve all exhibits referred to in the amended pleading upon the new party." Local Rule 103.6(b) (D. Md. 2025).

As reflected above, Rule 15(a)(2) provides that "[t]he court should freely give leave [to amend] when justice so requires." FED. R. CIV. P. 15(a)(2). "[I]mplicit in this statement is that the district court must be able to determine whether 'justice so requires,' and in order to do this, the court must have before it the substance of the proposed amendment." *Lovess v. PennyMac Loan Servs., LLC*, No. CV 25-00515-BAH, 2025 WL 2049986, at *2 (D. Md. July 22, 2025) (quoting *Roskam Baking Co. v. Lanham Mach. Co., Inc.*, 288 F.3d 895, 906 (6th Cir. 2002)). Here, because Plaintiff's failure to follow the Local Rules has created a confusing morass of pleading allegations, the court the Motion for Leave to Amend will be denied without prejudice.

To the extent Plaintiff wishes to seek leave to file an amended pleading, she must comply with the applicable Federal and Local Rules of court, including Local Rule 103.6. Plaintiff is reminded that an amended complaint replaces the operative complaint filed. Therefore, a proposed amended complaint must include all allegations against each defendant, so that the amended complaint may stand alone as the sole complaint in this action.

### B. Plaintiff's Rule 56(d) Motion

Before addressing Defendants' Motion to Dismiss, the court first addresses Plaintiff's Rule 56(d) Motion, which Plaintiff also fashions as a "preliminary opposition" to the Motion to Dismiss or For Summary Judgment. (ECF No. 72.) Upon receipt of the Motion to Dismiss, the Clerk of the Court mailed Plaintiff a "Rule 12/56 notice" (ECF No. 58), which alerted Plaintiff to the potential consequences of a failure to appropriately respond to the Motion to Dismiss. Plaintiff asserts that she was informed by the Rule 12/56 notice that the Motion to Dismiss may be treated as one for summary judgment under Rule 56 because it attaches declarations and exhibits. (ECF No. 72 at p. 1.) She requests, pursuant to Federal Rule of Civil Procedure 56(d), "that the [c]ourt defer ruling on Defendants' Motion to Dismiss or, in the alternative, for Summary Judgment,

pursuant to the [c]ourt's June 4, 2025 Notice of Possible Conversion under Rule 12(d), and allow time for additional discovery necessary to fully oppose Defendants' arguments." *Id.*

Federal Rule of Civil Procedure 12(d) provides:

> If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.

FED. R. CIV. P. 12(d).[5]

Here, Defendants' Motion to Dismiss is not labeled as an alternative motion for summary judgment, and nothing in the motion suggests that Defendants seek summary judgment under Rule 56, alternatively or otherwise. With regard to the exhibits attached to the Motion to Dismiss, Defendants Fisher and Costner assert that four of the five exhibits filed with their Motion support their arguments under Rules 12(b)(2) and 12(b)(5)—and, specifically, that the fifth exhibit is incorporated in and integral to the Second Amended Complaint. Defendants correctly observe that "it is well established under Fourth Circuit case law that attaching such materials does not operate to convert a motion to dismiss into a motion for summary judgment." (ECF No. 77 at p. 1.) Further, as set forth *supra*, in resolving a motion under Rule 12(b)(2) for lack of personal jurisdiction, "a court may look beyond the complaint to affidavits and exhibits in order to assure

---

[5] By way of background, "when the movant captions its motion 'in the alternative' as one for summary judgment, and submits matters outside the pleadings for the court's consideration, the parties are deemed to be on notice that conversion under Rule 12(d) may occur; the court 'does not have an obligation to notify parties of the obvious.'" *Smith v. Butler*, No. CV ELH-19-3439, 2021 WL 252557, at *3 (D. Md. Jan. 26, 2021) (*quoting Laughlin v. Metro. Washington Airports Auth.*, 149 F.3d 253 (4th Cir. 1998)). "Rule 56(d) requires that summary judgment be refused where the nonmoving party has not had the opportunity to discover information that is essential to [her] opposition. The rule is intended as a safeguard against a premature grant of summary judgment." *Tyree v. United States*, 642 F. App'x. 228, 230 (4th Cir. 2016) (internal citations omitted). Rule 56(d) provides in relevant part: "If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may ... defer considering the motion or deny it[.]" FED. R. CIV. P. 56(d).

itself of personal jurisdiction[]" without converting the motion to one for summary judgment.[6] *UMG Recordings*, 963 F.3d at 350. Therefore, the court may consider the declarations of Defendants Fisher and Costner (Exhibits 1 and 2 to the Motion to Dismiss) in addressing Defendants' challenge to personal jurisdiction under Rule 12(b)(2). Accordingly, Plaintiff's Rule 56(d) Motion will be denied. To be clear, the court addresses Defendants' motion as a motion to dismiss and not for summary judgment.

### C. Individual Defendants' Motion to Dismiss

Defendants Fisher and Costner argue that Plaintiff's claims against them should be dismissed because: (1) the court lacks personal jurisdiction over them; (2) Plaintiff failed to effect service of process; and (3) none of the 17 causes of action asserted in the Second Amended Complaint "arises from any actionable conduct on the part of" Mr. Fisher or Ms. Costner. (ECF No. 57-1 at pp. 18–39.)

#### 1. Personal Jurisdiction

Defendants Fisher and Costner assert that the court lacks both general and specific personal jurisdiction over them. (ECF No. 57-1 at pp. 18–26.) Plaintiff argues the court should reject Defendants assertions as to lack of personal jurisdiction because she is suing Defendants Fisher and Costner "in their official capacities only, not individually" based on their acts or omissions taken as corporate agents. (ECF No. 89 at pp. 9, 10.)

"The validity of an order of a federal court depends upon that court's having jurisdiction over both the subject matter and the parties." *Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 701 (1982). Unlike the court's subject matter jurisdiction, "[t]he

---

[6] Because the court will grant Defendants' Motion to Dismiss for lack of personal jurisdiction under Rule 12(b)(2), it need not address the additional exhibits submitted in support of the motion under Rules 12(b)(5) and 12(b)(6). In any event, consideration of those exhibits would also not require conversion of the Motion to Dismiss to one for summary judgment under Rule 12(d).

requirement that the court have personal jurisdiction . . . springs not from Article III of the Constitution, but from the Due Process Clause." *Fidrych v. Marriott Int'l, Inc.,* 952 F.3d 124, 131 (4th Cir. 2019) (citing *Ins. Corp. of Ireland*, 456 U.S. at 702). "Because the personal jurisdiction requirement 'recognizes and protects an individual liberty interest, . . . the requirement may be waived by a defendant's 'express or implied consent to the personal jurisdiction of the court.'" *Id.* (citing *Ins. Corp. of Ireland*, 456 U.S. at 703). "Absent consent, the exercise of personal jurisdiction must comport with the requirements of the Due Process Clause: valid service of process, as well as . . . minimum contacts with the forum so that the exercise of jurisdiction does not offend traditional notions of fair play and substantial justice." *Id.* (quoting *Hawkins v. i-TV Digitális Távközlési zrt.*, 935 F.3d 211, 228 (4th Cir. 2019)) (citations omitted). "The nature and quantity of forum-state contacts required depends on whether the case involves the exercise of 'specific' or 'general' jurisdiction", which the court addresses in more detail below. *Id.*

a.   General Jurisdiction

The court may exercise general jurisdiction over a non-resident defendant when its contacts with the forum are "so constant and pervasive as to render it essentially at home in the forum State." *Fidrych v. Marriott Int'l, Inc.*, 952 F.3d 124, 132 (4th Cir. 2020) (quoting *Daimler AG v. Bauman*, 571 U.S. 117, 122 (2014)). "For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile; for a corporation, it is an equivalent place, one in which the corporation is fairly regarded as at home." *Goodyear Dunlop Tires Operations, S.A. v. Brown,* 564 U.S. 915, 924 (2011). A non-resident "defendant's contacts as a corporate agent on corporate business are not sufficient to establish personal jurisdiction." *Becker v. Noe*, No. CV ELH-18-00931, 2019 WL 1415483, at *27 (D. Md. Mar. 27, 2019). As previously explained by this court:

> An individual who has chosen simply to transact business in a state through a valid and viable corporation has not necessarily "purposefully avail[ed]" himself of "the privilege of conducting activities within ... [that] State" in his individual capacity. *Hanson v. Denckla,* 357 U.S. 235, 253 (1958). Nor can it be said that he would "reasonably anticipate being haled into court" in the state in his individual capacity by virtue of the corporation's activities there. *World–Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 297 (1980)[.]

*Birrane v. Master Collectors, Inc.,* 738 F. Supp. 167, 169–70 (D. Md. 1990).

As provided in their individual declarations, Mr. Fisher and Ms. Costner are not domiciled in Maryland. (Ex. 1, ECF No. 57-3; Ex. 2, ECF No. 57-4.) Mr. Fisher is a resident of Colorado and Ms. Costner is a resident of Tennessee. *Id.* Plaintiff does not dispute this. As to corporate Defendant UDR, Plaintiff's Second Amended Complaint and subsequent papers do not identify the state in which UDR is incorporated or maintains its principal place of business, such that the court is unable to discern whether even the corporation would be subject to the court's general personal jurisdiction. The Second Amended Complaint merely asserts that UDR is a "national real estate management company doing business in Maryland," and Defendants Fisher and Costner are President/Chief Financial officer and Business Manager of UDR, respectively.

In sum, general personal jurisdiction over the individual Defendants can only be found if they have purposefully availed themselves of conducting activities within Maryland in their individual capacities; neither is domiciled in the jurisdiction; and Plaintiff makes clear she does not seek to hold Mr. Fisher or Ms. Costner liable for actions taken in their individual capacities. Therefore, the court lacks general jurisdiction over Defendants Fisher and Costner.

b. Specific Jurisdiction

Similarly, Defendants Fisher and Costner argue the court lacks specific personal jurisdiction over them, "as their corporate contacts do not give rise to personal jurisdiction and

their personal contacts with the State of Maryland are not sufficient to bring them within the scope of Maryland's long arm statute." (ECF No. 57-1 at pp. 11.)  Plaintiff fails to address this argument specifically.

Under Federal Rule of Civil Procedure 4(k)(1)(A), a federal court may exercise personal jurisdiction over a defendant in the manner provided by state law.  *ESAB Group, Inc. v. Centricut, Inc.*, 126 F.3d 617, 622 (4th Cir. 1997).  The court may exercise specific jurisdiction over a defendant if it has "continuous and systematic contacts with the forum state and the claims at issue arise from those contacts with the forum state."  *Fidrych*, 952 F.3d at 132 (quoting *Daimler*, 571 U.S. at 126–27).  In order for the court to assert personal jurisdiction over non-resident defendants, like Defendant Fisher and Costner here, two conditions must be satisfied: (1) the exercise of jurisdiction must be authorized under the state's long-arm statute; and (2) the exercise of jurisdiction must comport with the due process requirements of the Fourteenth Amendment. *Christian Sci. Bd. Of Dirs. Of the First Church of Christ v. Nolan*, 259 F.3d 209, 215 (4th Cir. 2001) (citing *Stover v. O'Connell Assocs. Inc.,* 84 F.3d 132, 134 (4th Cir. 1994)).

a.  The Maryland Long-Arm Statute

"The Maryland long-arm statute . . . limits specific jurisdiction to cases where the cause of action arises from any act enumerated in the statute itself.  Thus, a plaintiff must identify a specific Maryland statutory provision authorizing jurisdiction."  *Johns Hopkins Health Sys. Corp. v. Al Reem Gen. Trading & Co.'s Rep. Est.,* 374 F. Supp. 2d. 465, 472 (D. Md. 2005) (citation omitted); *see also Legends Title, LLC v. Cap. One, Nat'l Ass'n*, 659 F. Supp. 3d 637, 644 (D. Md. 2023) ("Maryland's long-arm statute requires Plaintiffs to identify the section of the long-arm statute on which they rely.") (citing Md. Code Ann., Cts. & Jud. Proc. § 6-103(a)); *Ottenheimer Publishers, Inc. v. Playmore, Inc.*, 158 F. Supp. 2d 649, 652 (D. Md. 2001) (noting that "[i]t is nonetheless

necessary first to identify a specific Maryland statutory provision authorizing jurisdiction.").  This

requirement can be met through a complaint or in opposition to a 12(b)(2) motion.  *Hausfeld v.*

*Love Funding Corp.*, 16 F. Supp. 3d 591, 597 (D. Md. 2014).

Maryland's long-arm statute provides:

> **(a)** If jurisdiction over a person is based solely upon this section, he may be sued only on a cause of action arising from any act enumerated in this section.
>
> **(b)** A court may exercise personal jurisdiction over a person, who directly or by an agent:
>
> > **(1)** Transacts any business or performs any character of work or service in the State;
> >
> > **(2)** Contracts to supply goods, food, services, or manufactured products in the State;
> >
> > **(3)** Causes tortious injury in the State by an act or omission in the State;
> >
> > **(4)** Causes tortious injury in the State or outside of the State by an act or omission outside the State if he regularly does or solicits business, engages in any other persistent course of conduct in the State or derives substantial revenue from goods, food, services, or manufactured products used or consumed in the State;
> >
> > **(5)** Has an interest in, uses, or possesses real property in the State; or
> >
> > **(6)** Contracts to insure or act as surety for, or on, any person, property, risk, contract, obligation, or agreement located, executed, or to be performed within the State at the time the contract is made, unless the parties otherwise provide in writing.

MD. CODE ANN., CTS. & JUD. PROC. §§ 6-103(a) and (b).

Here, Plaintiff's Second Amended Complaint and her subsequent responses to the Motion

to Dismiss do not identify any provision of the Maryland long-arm statute authorizing this court

to exercise specific personal jurisdiction over either movant Defendant. (ECF Nos. 13, 89, 91, 93.) Further, and in any event, she fails to allege sufficient facts to support the exercise of specific jurisdiction over these Defendants under any provision of Maryland's long-arm statute. *Id.* Indeed, Plaintiff's Second Amended Complaint lacks allegations specific to Defendant Fisher or Defendant Costner, excepting that Defendant Fisher allegedly failed to respond to notices Plaintiff mailed to him as President and CFO of UDR, and Defendant Costner signed a notice of eviction issued by UDR. (ECF No. 13 at pp. 2, 8, 12.) As set forth above, Plaintiff appears to assert claims against Defendant UDR only. As repeatedly held by this court, "[p]ersonal jurisdiction over an individual officer, director, or employee of a corporation does not automatically follow from personal jurisdiction over the corporation." *Harte-Hanks Direct Mktg./Baltimore, Inc. v. Varilease Tech. Fin. Grp., Inc.*, 299 F. Supp. 2d 505, 513 (D. Md. 2004); *see Rhee Bros., Inc. v. Han Ah Reum Corp.*, 178 F.Supp.2d 525, 532 (D. Md. 2001) (same); *Mates v. N. Am. Vaccine, Inc.*, 53 F.Supp.2d 814, 821 (D. Md. 1999) (same); *Quinn v. Bowmar Publ'g Co.*, 445 F.Supp. 780, 785 (D. Md. 1978).

The court declines to act on behalf of Plaintiff to opine which, if any, statutory provision supports the exercise of specific personal jurisdiction over these Defendants. *See United States v. Sineneng-Smith*, 140 S. Ct. 1575, 1579 (2020) (holding that "[i]n our adversarial system of adjudication, we follow the principle of party presentation"); *see also Greenlaw v. U.S.*, 554 U.S. 237, 243 (2008) (holding that in civil cases, "in the first instance and on appeal . . . , we rely on the parties to frame the issue for decision and assign the court the role of a neutral arbiter of matter the parties present"). The court may not exercise specific personal jurisdiction over Defendants Fisher and Costner simply because they are, respectively, an officer and employee of UDR. Because Plaintiff fails to meet her burden to demonstrate the first condition is satisfied (*i.e.*, authorization of jurisdiction under Maryland's long arm statute), the court need not consider

whether the second condition—comportment with due process—is met.  Accordingly, the Motion to Dismiss will be granted as to claims against Defendants Fisher and Costner for lack of personal jurisdiction.[7]

### D.  Plaintiff's Motions to Strike

As an initial matter, Rule 12(f) of the Federal Rules of Civil Procedure authorizes the court to order stricken from any pleading "any redundant, immaterial, impertinent, or scandalous matter."  FED. R. CIV. P. 12(f).  "Rule 12(f) motions are disfavored and 'generally will be not granted [for immateriality] unless the challenged allegations have no possible or logical connection to the subject matter of the controversy and may cause some form of significant prejudice to a party.'"  *Fitchett v. Spartech, LLC*, 634 F. Supp. 3d 241, 243 (D. Md. 2022) (quoting *Gilman & Bedigian, LLC v. Sackett*, 337 F.R.D. 113, 117 (D. Md. 2020)).  "Nevertheless, motions to strike will be granted when the movant meets its burden of proving that the challenged material is immaterial and prejudicial."  *Id.* (citing *Chapman v. Duke Energy Carolinas, LLC*, Civ. No. 3:09-37RJC, 2009 WL 1652463, at *3 (W.D.N.C. June 11, 2009)).

### 1.  *Plaintiff's First Motion to Strike (ECF No. 63)*

Pursuant to Rule 12(f), Plaintiff moves the court to strike portions of the Motion to Dismiss and Exhibit 3 attached in support thereof (a "Notice" and attached documents mailed by Plaintiff to Defendants Fisher and UDR) because they "serve no legitimate purpose other than to disparage Plaintiff's character and misrepresent her legal posture in this case."  (ECF No. 63 at p. 1.) Defendants Fisher and Costner counter that Plaintiff's First Motion to Strike is improper under Rule 12(f), and, regardless, "Plaintiff has failed to establish that the language she seeks to strike is

---

[7] As all of Plaintiff's claims against Defendants Fisher and Costner will be dismissed for lack of personal jurisdiction, the court declines to reach the balance of arguments set forth in the Motion to Dismiss.  As such, Plaintiff's Motion to Re-Serve at ECF No. 51 will be denied as moot.

'redundant, immaterial, impertinent, or scandalous' or that it has no bearing on the issues pending before this [c]ourt."  (ECF No. 65 at p. 3.)

The court agrees that the First Motion to Strike is improperly filed.  Rule 12(f) applies to pleadings, not papers.  Exhibit 3 to the Motion to Dismiss is not a pleading.  Likewise, the Motion to Dismiss is not a pleading; it is a paper.  The First Motion to Strike is, therefore, denied.  FED. R. CIV. P. 12(f); *Agbara v. Prince George's Cnty. Pub. Sch.*, No. TJS-20-0306, 2020 WL 7425298, at *11 (D. Md. Dec. 18, 2020) (denying motion to strike opposition briefs and affidavits because they are not pleadings), *aff'd*, No. 21-1029, 2022 WL 683362 (4th Cir. Mar. 8, 2022) (quoting FED. R. CIV. P. 12(f)); *Muir v. Applied Integrated Techs., Inc.*, No. DKC-13-0808, 2013 WL 6200178, at *4 (D. Md. Nov. 26, 2013) (denying motion to strike a motion to dismiss because "[m]otions, briefs or memoranda, objections, or affidavits may not be attacked by the motion to strike").

As Plaintiff proceeds *pro se*, the court broadly construes her First Motion to Strike as a request that the court strike these materials as a sanction pursuant to its inherent discretionary authority.  The court declines to strike the materials for lack of good cause.  Defendants' papers explain that they take issue with Plaintiff's allegations, including, for example, that she tendered something of value to discharge her rent obligations, which allegations, they assert, are grounded in a belief system that places great value on, or centers around the concept of, a credit system; and, Defendants assert, such a credit system is not acknowledged by judicial or congressional law.  They cite legal authority in support of their argument on this point, and do not, in the eyes of the court, disparage Plaintiff or offer anything other than appropriate argument as to why the court should dismiss Plaintiffs claims against them.

### 2. *Plaintiff's Second Motion to Strike (ECF No. 95)*

Plaintiff also seeks to strike Defendants Fisher and Costner's Response to Plaintiff's Supplemental Opposition to Defendants' Motion to Dismiss and Related Notices and Supplemental Filings and Opposition to Plaintiff's Alternative Motion for Summary Judgment on UCC § 3-311 (ECF No. 94; the "Response") as an unauthorized surreply filed in violation of this court's Local Rule 105.2(a).[8]  Defendants again argue that the Second Motion to Strike is improperly filed because the filing that Plaintiff seeks to strike is not a pleading.  (ECF No. 104 at p. 2.)  Moreover, they note that the Response is an opposition to Plaintiff's supplemental opposition to the Motion to Dismiss or seeking, in the alternative "Motion for Summary Judgment on UCC § 3-311" at ECF No. 89 and as such, is not an unauthorized surreply.

The court will deny the Second Motion to Strike.  The Response is neither a pleading nor a surreply.  *See Brown v. Prince George's Cnty., MD*, No. DKC-07-2591, 2012 WL 3012573, at *4 (D. Md. July 20, 2012) (denying motion to strike surreply because the unauthorized surreply was not a pleading).[9]

## IV.    CONCLUSION

For the reasons set forth herein, by separate order, Plaintiff's Motion for Leave to Amend (ECF No. 27), Motion to Re-Serve (ECF No. 51), First Motion to Strike (ECF No. 63), Rule 56(d) Motion (ECF No. 72), and Second Motion to Strike (ECF No. 95) shall be denied and Defendants Fisher and Costner's Motion to Dismiss (ECF No. 57) shall be granted.[10]

---

[8] Pursuant to Local Rule 105.2(a), "[u]nless otherwise ordered by the court, surreply memoranda are not permitted to be filed."  Local Rule 105.2 (D. Md. 2025).

[9] Even if the Response were an unauthorized surreply, it has no bearing on the court's analysis set forth herein; as such, Plaintiff suffers no prejudice from the Response remaining on the docket.

[10] Defendants seek dismissal with prejudice.  The court declines to dismiss this action with prejudice.  *See Adbul-Mumit v. Alexandria Hyundai, LLC*, 896 F.3d 278, 292 (4th Cir. 2018) (stating that "the nature of dismissal" is left to "the sound discretion of the district court").

19

March 17, 2026

/S/

_____

Julie R. Rubin
United States District Judge